**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BETTIS RICHARDSON,              :
                                        Civil Action No. 09-4884 (RMB)
        Petitioner,      :

        v.               :     **OPINION**

J. GRONDOLSKY, Warden,           :

        Respondent.      :

**APPEARANCES:**

Petitioner <u>pro se</u>
Bettis Richardson
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**BUMB**, District Judge

    Petitioner Bettis Richardson, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden J. Grondolsky.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition without prejudice.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Pursuant to a guilty plea, Petitioner was convicted in the U.S. District Court for the Eastern District of New York of one count of conspiracy to distribute and to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 and 841(b)(1)(C), and was sentenced to a term of imprisonment of five years.  Judgment was entered on August 28, 2006.  See United States v. Richardson, Criminal No. 97-00607 (E.D.N.Y.).  Petitioner's anticipated release date is August 23, 2010.

On June 2, 2009, Petitioner was advised that his Unit Team had recommended a 180-day pre-release placement in a Residential Re-entry Center, pursuant to the Second Chance Act of 2007, 18 U.S.C. § 3624(c)(1), which became effective April 9, 2008.[2]

---

[2] The Second Chance Act provides, in pertinent part:

(1) In General.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.

(2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term

On June 10, 2009, Petitioner initiated grievance proceedings under the Bureau of Prisons Administrative Remedy Program.³

---

of imprisonment of that prisoner or 6 months.

...

(4) No limitations.--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

...

(6) Issuance of regulations.--The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is--

    (A) conducted in a manner consistent with section 3621(b) of this title;

    (B) determined on an individual basis; and

    (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

18 U.S.C. § 3624(c).

³ The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's

Petitioner has completed the informal resolution request and appeal to the Warden. Petitioner alleges that he has appealed to the Regional Director, and is awaiting a response to that appeal. After completion of the Regional Director level of appeal, the Administrative Remedy Program includes a final appeal to the General Counsel. Thus, Petitioner admits that he has not exhausted his administrative remedies.

   Here, Petitioner asserts that Bureau of Prisons staff abused their discretion under the Second Chance Act by (1) waiting until 15 months before his anticipated release date to begin the pre-release placement process, depriving him of sufficient time to exhaust the Administrative Remedy Program before the maximum twelve-month placement period would begin, (2) by making the pre-release placement decision by reference to an outdated Program Statement 7310.04, and (3) by failing to base the pre-release placement decision on Petitioner's individual accomplishments and needs. Petitioner asks this Court to order the Bureau of Prisons to make a recommendation for "maximum" RRC placement.

---

General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

II.   <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  <u>See</u> <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). <u>See also</u> 28 U.S.C. §§ 2243, 2255.

III.   <u>ANALYSIS</u>

Petitioner admits that he has not exhausted his administrative remedies, but that exhaustion should be excused as

futile because exhaustion can not be completed in a timely manner, that is, before the maximum potential twelve-month pre-release RRC placement.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and

unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

Petitioner has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would be futile or that requiring exhaustion would subject Petitioner to "irreparable injury." By characterizing the process as futile, Petitioner presupposes that his grievance will be denied. Without a full administrative record regarding the claim asserted here, this Court cannot determine whether the decision was made in accordance with law. See, e.g., Gamble v. Schultz, No. 09-3949, 2009 WL 2634874 (D.N.J. Aug. 24, 2009); Harrell v. Schultz, No. 09-2532, 2009 WL 1586934 (D.N.J. June 2, 2009).

Moreover, Petitioner's reliance on Strong v. Schultz, 599 F.Supp.2d 556 (D.N.J. 2009), is unavailing. In Strong, before filing his federal petition, the petitioner had already exhausted one round of administrative remedies which resulted in an altered pre-release placement recommendation and this Court determined that no purpose would be served by requiring a second round of administrative remedies. Here, Petitioner has not exhausted a first round of administrative remedies.

7

Finally, contrary to Petitioner's argument, nothing in the Second Chance Act entitles Petitioner to a halfway house placement longer than the 180 days already approved. Those pre-release placement decisions are committed, by statute, to the discretion of the Director of the Bureau of Prisons, whose exercise of discretion is to be guided by the enumerated considerations.

For the foregoing reasons, the Petition will be dismissed without prejudice for failure to exhaust administrative remedies. Cf. Brown v. Grondolsky, No. 09-3290 (RMB), 2009 WL 2778437 (D.N.J. Aug. 31, 2009) (declining to excuse failure to exhaust).

## IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice. An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: September 28, 2009